## VAN AVERY v. UNION PAC. RY. CO.

*(Circuit Court, D. Colorado. May 7, 1888.)*

**MASTER AND SERVANT—WHO ARE FELLOW-SERVANTS—LOCOMOTIVE ENGINEERS.**
    Locomotive engineers are fellow-servants, and in Colorado the company employing them is not liable for personal injuries resulting to one from the negligence of another in a collision.[1]

At Law. Action for damages for personal injuries. On demurrer to the complaint.

*Browne & Putnam*, for plaintiff.
*Teller & Orahood*, for defendant.

BREWER, J. In this case there is a demurrer to the complaint, and the question presented is really only this: Whether an engineer is a co-employe with another engineer in the sense of that rule of law which relieves a railroad company from responsibility for the negligence of one co-employe. The old rule unquestionably was that all employes, even the superintendent and general manager, were simply co-employes of the one master. That has been limited by repeated adjudications. Of course, this court is bound to follow the rulings of the supreme court of the United States, and in the case of *Randall* v. *Railroad Co.*, 109 U. S. 478, 3 Sup. Ct. Rep. 322, a question arose of this kind: The party injured was an engineer, the negligent party was a brakeman employed on another engine, and the court unanimously held that they were co-employes. There was no complete definition in that case, and yet, as giving certain rules which determined whether the party injured and the party doing the injury were co-employes, the court says this:

"They are employed and paid by the same master, the duties of the two bring them to work at the same place at the same time, so that the negligence of one in doing the work may injure the other in doing his work. Their separate services have an immediate common object—the moving of trains; neither works under the orders or control of the other; each by entering into a contract of services takes the risk of the negligence of the other in performing his services."

There it was an engineer on one train and a brakeman employed on another. Here it is an engineer on one engine and an engineer on another. The duties of the two brought them to work at the same place at the same time; the negligence of the one might and did injure the

---

[1] See, *contra*, Railroad Co. v. Ackley, (Ky.) 8 S. W. Rep. 691. As to who are fellow-servants, see Wolcott v. Studebaker, 34 Fed. Rep. 8; McMaster v. Railway Co., (Miss.) 4 South Rep. 59.

other; their separate services had an immediate common object—the moving of engines; neither worked under the orders or control of the other. Following that, in 112 U. S. 377, 5 Sup. Ct. Rep. 184, the famous *Ross Case,* the supreme court, by five to four judges, held that a conductor having charge of a train was so far localized in his work, and given such control over the train, that it was fair to hold him as a vice-principal, and not a co-employe with one on another train injured by his negligence; but they do not carry this exception to the old rule beyond the conductor; and while, of course, no man can know what may be the decision of the court in subsequent cases, I am reliably informed that the decision was intentionally and narrowly limited to the case of a conductor. In *Railroad Co.* v. *Herbert,* 116 U. S. 642, 6 Sup. Ct. Rep. 590, a case that went up from Dakota, the court held that one who had charge of the keeping of the cars and machinery in order was not a co-employe with one who was at work as a brakeman, on the ground that it was an independent duty of the railroad company to see that its machinery, its cars, were kept in order; and that that was not a common service with that of one who is employed in running trains. In 119 U. S. there are two cases,—one, *Steam-Ship Co.* v. *Carey,* p. 245, 7 Sup. Ct. Rep. 1360, and the other *Railway Co.* v. *McLaughlin,* p. 566, 7 Sup. Ct. Rep. 1366. Neither of those cases adds anything to the question, for they were each affirmed by a divided court, so no principle of law was settled. In one of them the negligence charged was of some agent of the company in failing to provide a suitable rope. That was the duty of one who had charge of the machinery of the company as contradistinguished from one who worked in using such implements; and yet, by only a divided court, the judgment below was affirmed. The other case went up from Iowa, and that was affirmed by a divided court; although in Iowa, by statute, they have abolished the rule in respect to co-employes, just as they have in Kansas. So the rule, as at present left by the supreme court,—and that, of course, guides me,—is that an engineer is a co-employe. It is a common service in a common object,—the moving of trains,—and, following the decisions of that court, I must sustain the demurrer to that complaint.